```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION


MERRILL LYNCH, PIERCE, FENNER, &
SMITH INCORPORATED,

                       Plaintiff,

vs.                                  Case No.  2:08-cv-777-FtM-99DNF

SHARON M. KURGIS,

                       Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Renewed Motion for Preliminary Injunction (Doc. #10) filed on October 8, 2008. The Court has considered the responsive memorandum and various affidavits submitted (Docs. ## 14, 17, 23), as well as the oral argument heard on October 22, 2008.

**I.**

Defendant Sharon M. Kurgis ("Kurgis") is a former financial advisor and employee of plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") who resigned on October 3, 2008. Kurgis immediately joined the competing firm of Moors & Cabot, Inc. Merrill Lynch asserts that Kurgis has solicited, and continues to solicit, Merrill Lynch customers to terminate their relationships with Merrill Lynch and transfer their assets to Moors & Cabot, and has removed confidential and proprietary customer data and information belonging to Merrill Lynch. Merrill Lynch has

filed a six-count Complaint (Doc. #1) seeking injunctive relief (Count I) and alleging claims of Breach of Contract (Count II), Misappropriation of Trade Secrets (Count III), Conversion (Count IV), Breach of Fiduciary Duty (Count V) and Unfair Competition (Count VI).

## II.

In the Eleventh Circuit, the issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion" on each of four prerequisites. Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974).[1] See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The party seeking a preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered absent an injunction; (3) that the injury to movant outweighs the injury the proposed injunction would cause to the opposing party; and (4) that the proposed injunction would serve the public interest. E.g., Johnston v. Tampa Sports Auth., 530 F.3d 1320, 1325 (11th Cir. 2008). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).

---

[1] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Here, the law of Florida is applicable, except to the extent that relief is based on the Account Executive Trainee Agreement (the "Trainee Agreement") (Doc. #1-5), which provides that New York law governs.

### A. Substantial Likelihood of Success on the Merits

It is well-established under Florida law that an employee owes a fiduciary duty and a duty of loyalty to his or her employer. Life Marketing of Florida, Inc. v. A.I.G. Life Ins. Co., 588 So. 2d 663, 665 (Fla. 5th DCA 1991) (citing Connelly v. Special Road & Bridge Dist., 126 So. 794 (Fla. 1930)). Absent an agreement to the contrary, an employee may compete with his or her former employer after the termination of their relationship as long as the employee does not use confidential information acquired during the course of his or her employment or solicit customers and other employees prior to the end of the employment. New World Fashions, Inc. v. Lieberman, 429 So. 2d 1276, 1277 (Fla. 1st DCA 1983). A former employer cannot, however, "preclude an employee from utilizing expertise that he gained during his former employment." Liberty Am. Ins. Group, Inc. v. Westpoint Underwriters, L.L.C., 199 F. Supp. 2d 1271, 1288 (M.D. Fla. 2002).

Merrill Lynch relies on the Trainee Agreement signed by Kurgis on January 10, 1982. Other than noting the age of the contract, Kurgis has not challenged its validity. The Court notes that the Complaint alleges that Kurgis commenced her employment with Merrill Lynch as a Financial Advisor on or about April 19, 1983 (Doc. #1, ¶ 6). It is unclear whether the Account Executive Trainee Agreement continued after Kurgis' employment as a Financial Advisor, but the record contains no specific evidence to refute plaintiff's claim that Kurgis continues to be bound by the 1982 agreement.

At the preliminary injunction hearing, Kurgis agreed to give Merrill Lynch a copy of all documents she took upon her departure. Accordingly, the Court will include such return in a preliminary injunction.

The Court finds that Merrill Lynch has not shown a substantial likelihood of prevailing as to the return of the original documents that Kurgis admits to taking. From the description given by Kurgis, it seems a stretch to conclude that these handwritten notes by Kurgis are "records of Merrill Lynch" within the meaning of the Trainee Agreement. The Court further finds that Merrill Lynch has not shown a substantial likelihood of success on the claim that such handwritten documents are trade secrets. Under Florida law, a trade secret consists of information that "(1) derives economic value from not being readily ascertainable by others and (2) is the subject of reasonable efforts to maintain its secrecy." <u>Am. Red</u>

Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998) (citing FLA. STAT. § 688.002(4)).  Customer lists have been held to constitute a trade secret only if the lists are not available from public sources, are distillations of larger lists, and great effort and expense went into their preparation.  East v. Aqua Gaming, Inc., 805 So. 2d 932, 934 (Fla. 2d DCA 2001); Sethscot Collection v. Drbul, 669 So. 2d 1076, 1078  (Fla. 3d DCA 1996); Templeton v. Creative Loafing Tampa, Inc., 552 So. 2d 288, 290 (Fla. 2d DCA 1989); Erik Electric Co. v. Elliot, 375 So. 2d 1136, 1138 (Fla. 3d DCA 1979).  New York law is similar in this respect. Ashland Management v. Janien, 82 N.Y.2d 395, 407 (1993).  Merrill Lynch has not established that these elements are satisfied as to the handwritten notes taken by Kurgis.

Merrill Lynch also seeks an injunction to preclude "targeted solicitation" of its clients and persons whose identities Kurgis discovered while employed with Merrill Lynch.  The Trainee Agreement provides that Kurgis "will not solicit for a period of one year . . . any clients of Merrill Lynch whom [she] served or whose names became known to [her] while in the employ of Merrill Lynch." (Doc. #1-5, ¶ 2.)  At the preliminary injunction hearing, defendant's attorney conceded that defendant had been soliciting her former clients at Merrill Lynch; approximately 80% of her former clients have transferred their accounts to Moors & Cabot. The Court finds that plaintiff has established a substantial likelihood of success as to those clients Kurgis served while at

Merrill Lynch.  The Court finds, however, that Merrill Lynch has not established a substantial likelihood of success as to those persons whose names became known to Kurgis while employed at Merrill Lynch.  Further, this contractual provision is ambiguous and overbroad, and is not likely to be found reasonable, which is a requirement under New York law.  E.g., First Empire Securities, Inc. v. Miele, 17 Misc.3d 1108(A) (N.Y. Sup. 2007).

### B.   Irreparable Injury

"A showing of irreparable injury is the *sine qua non* of injunctive relief."  Siegel, 234 F.3d at 1176 (quoting Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal quotations omitted)).  The asserted irreparable injury "must be neither remote nor speculative, but actual and imminent."  Siegel, 234 F.3d at 1176 (quoting City of Jacksonville, 896 F.2d at 1285 (internal quotations omitted)).  Further, because injunctions regulate future conduct, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury."  Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (citing Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (emphasis in original)).

Defendant argues that there is no irreparable injury because her misconduct, if any, can be remedied by damages.  While the

Court agrees that much of the harm can be compensated by damages, the Court is not convinced that it would be possible to reasonably calculate and compensate all of the injury. At least 20% of defendant's former clients remain subject to the non-solicitation requirement of defendant's contract. The Court finds that Merrill Lynch will suffer irreparable injury if defendant is not prevented from further solicitation of her past Merrill Lynch clients.

### C.  Balance of Injuries

Plaintiff must also establish that the threatened injury to it outweighs the harm a preliminary injunction may cause to the defendant. Siegel, 234 F.3d at 1176. The Court concludes that Merrill Lynch has satisfied that burden. Defendant's contract precludes solicitation of the remainder of her former clients, which is a relatively small number of people and does not preclude defendant from continuing to work in the area.

### D.  Public Interest

Defendant asserted at oral argument that a preliminary injunction would be against public interest because it would interfere with the public's right to remain with their chosen broker. This is particularly important, defendant argued, because of the advanced ages of many of her former clients. The Court disagrees. An injunction would not interfere with a client's choice of brokers, but would only inhibit breach of an employment contract by defendant.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Renewed Motion for Preliminary Injunction (Doc. #10) is **GRANTED** to the extent discussed above, and a separate Preliminary Injunction will be entered. The Motion is otherwise **DENIED**.

2. In light of the arbitration proceedings, after entry of the Preliminary Injunction, the Clerk of the Court shall terminate any pending deadlines and administratively close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of October, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record